**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

―――――――――

**No. 23-4085**

―――――――――

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

ERIC LEE SMITH,

        Defendant - Appellant.

―――――――――

Appeal from the United States District Court for the Eastern District of Virginia, at Newport News.  Raymond A. Jackson, Senior District Judge.  (4:21-cr-00042-RAJ-RJK-1)

―――――――――

Submitted:  March 29, 2024                         Decided:  April 25, 2024

―――――――――

Before HARRIS and QUATTLEBAUM, Circuit Judges, and TRAXLER, Senior Circuit Judge.

―――――――――

Affirmed by unpublished per curiam opinion.

―――――――――

**ON BRIEF:**  Melissa J. Warner, LAW OFFICE OF MELISSA J. WARNER, Glen Allen, Virginia, for Appellant.  Jessica D. Aber, United States Attorney, Richmond, Virginia, Devon E.A. Heath, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Newport News, Virginia, for Appellee.

―――――――――

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

A jury convicted Eric Lee Smith of conspiracy to distribute and possess with intent to distribute methamphetamine, in violation of 21 U.S.C. § 846 (Count 1); using and maintaining a drug premises, in violation of 21 U.S.C. § 856(a)(1) (Counts 2 & 3); possession with intent to distribute a quantity of methamphetamine, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(C) (Count 4); possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A) (Count 5); illegal possession of a machine gun, in violation of 18 U.S.C. §§ 922(o)(1), 924(a)(2) (Count 7); and possession of an unregistered firearm, in violation of 26 U.S.C. §§ 5861(d), 5871 (Count 8). The district court sentenced Smith to 260 months' imprisonment.

Smith timely appealed the criminal judgment. On appeal, he contends that the Government violated his due process rights by knowingly presenting false testimony. He also asserts that the evidence was insufficient to support his convictions on Counts 2, 3, and 5, and that, due to this insufficiency, he is entitled to resentencing. We affirm.

Smith first challenges his conviction on Count 1, arguing that the Government violated his due process rights by presenting the testimony of a summary witness when the Government knew or should have known that testimony was false. Thus, he raises a *Napue* claim. *See Napue v. Illinois*, 360 U.S. 264, 269 (1959) (holding that the Government "may not knowingly use false evidence, including false testimony, to obtain a tainted conviction.").

Because Smith failed to preserve the *Napue* claim in the trial court, we review the issue for plain error. *See United States v. Barringer*, 25 F.4th 239, 253 (4th Cir. 2022).

2

"[T]o establish plain error, [Smith] has the burden of showing:  (1) that an error was made, (2) that the error was plain, and (3) that the error affected his substantial rights." *United States v. Green*, 996 F.3d 176, 185 (4th Cir. 2021).  "Even then, correction of an error is discretionary, and we will exercise that discretion only if an error would result in a miscarriage of justice or would otherwise seriously affect the fairness, integrity or public reputation of judicial proceedings." *Id.* (internal quotation marks omitted).  "An error is plain if the error is clear or obvious." *United States v. Kim*, 71 F.4th 155, 163 (4th Cir.) (internal quotation marks omitted), *cert. denied*, 144 S. Ct. 436 (2023).

"Under *Napue*, a conviction obtained by the knowing use of perjured testimony is fundamentally unfair, and must be set aside if there is any reasonable likelihood that the false testimony could have affected the judgment of the jury." *United States v. Chavez*, 894 F.3d 593, 601 (4th Cir. 2018) (internal quotation marks omitted).  "Thus, the [G]overnment may not knowingly offer false testimony in the first place, and must correct it when it appears." *Id.* To establish a *Napue* violation, Smith must prove "the [(1)] falsity and [(2)] materiality of the testimony and [(3)] the prosecutor's knowledge of its falsity." *Juniper v. Davis*, 74 F.4th 196, 211 (4th Cir. 2023) (quoting *Basden v. Lee*, 290 F.3d 602, 614 (4th Cir. 2002)).

Smith challenges the witness' testimony that a cell phone number belonged to a coconspirator when, according to Smith, it belonged to Smith's ex-girlfriend.  But he points to no evidence to support this assertion.  Because Smith has failed to show that the testimony was false, he cannot meet the first *Napue* prong.

3

Even if Smith could satisfy the first *Napue* prong, he failed to establish the second prong. Smith acknowledges that there is no direct evidence that the Government knowingly presented false testimony, instead attacking what he characterizes as speculation. That is not enough to show that the Government knew the witness' testimony was false. Thus, Smith failed to establish *Napue* error, plain or otherwise.

Next, Smith challenges the sufficiency of the evidence to support his convictions on Counts 2, 3, and 5. Smith preserved his challenges to the sufficiency of the evidence by moving for a judgment of acquittal. Therefore, "[w]e review the sufficiency of the evidence de novo, sustaining the verdict if, viewing the evidence in the light most favorable to the Government, it is supported by substantial evidence." *United States v. Wysinger*, 64 F.4th 207, 211 (4th Cir.) (internal quotation marks omitted), *cert. denied*, 144 S. Ct. 175 (2023). "Substantial evidence is that which a reasonable finder of fact could accept as adequate and sufficient to support a conclusion of a defendant's guilt beyond a reasonable doubt." *United States v. Robinson*, 55 F.4th 390, 401 (4th Cir. 2022) (internal quotation marks omitted). "The jury, not the reviewing court, weighs credibility and resolves conflicts in the evidence; and if the evidence supports different, reasonable interpretations, the jury decides which interpretation to believe." *Wysinger*, 64 F.4th at 211 (internal quotation marks omitted). "A defendant bringing a sufficiency challenge therefore bears a heavy burden, and reversal is warranted only where the prosecution's failure is clear." *Id.* (internal quotation marks omitted).

We first address Count 5. To obtain a conviction under 18 U.S.C. § 924(c)(1)(A), the Government was required to prove that Smith (1) "possess[ed]," (2) a firearm, (3) "in

4

furtherance of," (4) a "drug trafficking crime." This Court has explained:

> that § 924(c) requires the government to present evidence indicating that the possession of a firearm furthered, advanced, or helped forward a drug trafficking crime. Whether the firearm served such a purpose . . . is a factual inquiry. Factors that could lead a fact finder to conclude that a defendant possessed a firearm in furtherance of a drug crime include: the type of drug activity that is being conducted, accessibility of the firearm, the type of weapon, whether the weapon is stolen, the status of the possession (legitimate or illegal), whether the gun is loaded, proximity to drugs or drug profits, and the time and circumstances under which the gun is found.

*United States v. Howard*, 773 F.3d 519, 527 (4th Cir. 2014) (cleaned up).

The evidence presented at trial showed that Smith was engaged in a methamphetamine trafficking conspiracy. One witness testified that when she arrived unannounced on April 15, 2020, to the home she shared with Smith, she saw white rock-like items on her kitchen counter, some in bags, next to a vacuum sealer. When Smith realized that she took a photo of the scene with her cell phone, he placed his hand on the small of his back where he carried a firearm and told her to delete the photo "right now." Other witnesses corroborated her testimony that Smith carried a gun in the back of his pants. Smith possessed the gun in close proximity to methamphetamine that he was in the process of packaging, and his act of ordering his roommate to delete the picture while he had his hand on the area where he kept his gun furthered the conspiracy by taking steps to prevent its disclosure.

In his opening brief, Smith argues that the evidence was insufficient to support his Count 5 conviction because there was no connection between the firearm in Count 5 and the shooting of his coconspirator over a disputed drug debt. However, the shooting took place in November 2020 and Count 5 concerns possession of a firearm on or about

5

April 15, 2020, in furtherance of the methamphetamine trafficking conspiracy charged in Count 1 of the indictment. We conclude that the evidence was sufficient to support Smith's conviction on Count 5.

As for Counts 2 and 3, using and maintaining drug premises, in violation of 21 U.S.C. § 856(a)(1), the indictment charged that the Count 2 offense took place at an address on Fary's Mill Road in Gloucester, Virginia, and that the Count 3 offense occurred at an address on Deer Lane in Saluda, Virginia. Smith contends that the evidence was insufficient to support his convictions because the Government failed to "prove either of these addresses in its case-in-chief."

To convict Smith of using and maintaining a drug premises in violation of 21 U.S.C. § 856(a)(1), "the Government had to prove beyond a reasonable doubt that [Smith] (1) knowingly (2) opened, leased, rented, used, or maintained any place, permanently or temporarily, (3) for the purpose of manufacturing, distributing, or using any controlled substance." *United States v. Hicks*, 64 F.4th 546, 551 (4th Cir. 2023).

Smith does not dispute that the Government established these elements. Instead, he argues that the specific address was an element of each offense that the Government failed to establish. However, Smith offers no authority to support the proposition that § 856(a)(1) has a geographical element and his theory is not supported by existing precedent. *See Hicks*, 64 F.4th at 551. Thus, the evidence was sufficient on these counts. And because Smith's challenge to his sentence relies solely on his challenges to his convictions, he is not entitled to resentencing.

6

Accordingly, we affirm the criminal judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*